**THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **3:19-CR-0113** |
| | : | **(JUDGE MARIANI)** |
| **DORY L. SATER,** | : | |
| | : | |
| **Defendant.** | : | |

**ORDER**

The background of this Order is as follows:

Defendant Dory L. Sater's Motion *in Limine* Pursuant to Fed. R. Evid. 404 (Doc. 50) is pending before the Court.  With the Motion, Defendant states that, pursuant to Federal Rule of Evidence 404, the Government has not responded to his request for "[n]otice as to whether the government intends to offer evidence of a crime, wrong, or other act at trial pursuant to Fed. R. Evid. 404(b), and a description of the general nature of any such evidence."  (Doc. 50 at 2.)  Defendant seeks an Order excluding "Rule 404(b) evidence of which the government does not provide defense counsel reasonable, pretrial notice, . . . requiring the government to provide the Court with an opportunity to rule in limine on Rule 404(b) evidence before it is offered or even mentioned during trial," and affording Defendant's counsel leave to move in limine for the exclusion of any Rule 404(b) evidence

of which he is given notice following the motion in limine deadline in this case.[1]  (Doc. 50 at 2.)

Federal Rule of Evidence 404(b) provides that "[e]vidence of any other crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b)(1).  Rule 404(b) also identifies permitted uses of evidence of a crime, wrong or other act and the need for notice in a criminal case,  Such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2).   Rule 404(b)(3) provides that

In a criminal case, the prosecutor must:

> (A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;

> (B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and

> (C) do so in writing before trial--or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b)(3).

In response to Defendant's Motion, the Government states that

---

[1] The Motion in Limine deadline was September 8, 2020.  (*See* Doc. 48 ¶3(a).)

the United States has not identified, and thus has not provided notice to Sater
of, any evidence of prior crimes or bad acts that it seeks to introduce pursuant
to Rule 404(b). Should the United States identify any such evidence in advance
of trial, it will provide the defendant notice in accordance with the Federal Rules
of Evidence. Moreover, in such an event and as conveyed to defense counsel,
the United States will not lodge an objection to Sater's ability to seek exclusion
of the evidence, including on the premise that the United States did not provide
"reasonable notice." Unless and until that circumstance arises, there appears
to be no existing dispute between the parties that calls for a Court ruling.

(Doc. 55 at 2.)  For the reasons stated, the United States requests that the Court deny

Defendant's Motion, without prejudice, or hold it in abeyance.  (*Id.*)

Defendant did not file a reply brief and the time for doing so has passed.

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial

on the admissibility and relevance of certain forecasted evidence."  *United States v.*

*Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017).  A court may exercise its discretion

to rule in limine on evidentiary issues "in appropriate cases."  *In re Japanese Elec. Prods.*

*Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom.*

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed.

2d 538 (1986).  Nevertheless, a "trial court should exclude evidence on a motion in limine

only when the evidence is clearly inadmissible on all potential grounds."  *Tartaglione*, 228 F.

Supp. 3d at 406.  "[I]n limine rulings are not binding on the trial judge, and the judge may

always change his mind during the course of a trial."  *Ohler v. United States*, 529 U.S. 753,

758 n.3, 120 S. Ct. 1851, 146 L. Ed. 2d 826 (2000).

Further, while motions in limine may serve as a useful pretrial tool that enables more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F. Supp. 2d 699, 707 (E.D. Pa. 2012). Indeed, "motions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997). Thus, certain motions, "especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013). Moreover, "*pretrial* Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original).

Having reviewed the Motion and all relevant documents, the Court concludes that because Defendant did not file a reply brief, he has not refuted the Government's assertion that he seeks a ruling on a hypothetical situation where no factual dispute exists (Doc. 55 at 1-2). Thus, this is not a case where the admissibility of "certain forecasted evidence," *Tartaglione*, 228 F. Supp. 3d at 406, is appropriately considered at this time.

**ACCORDINGLY, THIS _____ DAY OF OCTOBER 2020**, **IT IS HEREBY**

**ORDERED THAT**:

1. Defendant's Motion in Limine Pursuant to Fed. R. Crim. P. 16 (Doc. 52) is **DENIED**

   **WITHOUT PREJUDICE**;

2. Should a fact-based controversy pursuant to Federal Rule of Evidence 404 arise,

   Defendant may bring the matter to the Court's attention with a renewed motion in

   limine.

Robert D. Mariani
United States District Judge