THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| v. | : 3:19-CR-0113 |
| | : (JUDGE MARIANI) |
| **DORY L. SATER,** | : |
| | : |
| **Defendant.** | : |

## ORDER

The background of this Order is as follows:

Defendant Dory L. Sater's Motion *in Limine* Pursuant to Fed. R. Crim. P. 16 (Doc. 52) is pending before the Court. With the Motion, Defendant states that, pursuant to Federal Rule of Civil Procedure 16(a)(1)(G), he requested information from the Government which, to date, has not been provided. (Doc. 52 at 1-2.) Defendant seeks an Order excluding expert testimony for which the Government does not provide a timely written summary and affording Defendant's counsel leave to move in limine for the exclusion of any expert testimony for which he is given a summary following the motion in limine deadline in this case.[1] (Doc. 52 at 2.)

Federal Rule of Criminal Procedure 16(a)(1)(G) addresses pretrial disclosure requirements regarding expert witnesses. It provides in pertinent part as follows:

> At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-

---

[1] The Motion in Limine deadline was September 8, 2020. (*See* Doc. 48 ¶3(a).)

> chief at trial. . . . The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

Fed. R. Crim. P. 16(a)(1)(G).

> In response to Defendant's Motion, the Government states that

> the United States has not identified, and thus has not provided notice to Sater of, any expert testimony that it seeks to introduce at trial. Should the United States identify any such testimony in advance of trial, it will provide the defendant a summary in accordance with the Federal Rules of Criminal Procedure. Moreover, in such an event and as conveyed to defense counsel, the United States will not lodge an objection to Sater's ability to seek exclusion of the testimony via motion practice. Unless and until that circumstance arises, there appears to be no existing dispute between the parties that calls for a Court ruling.

(Doc. 56 at 2.) For the reasons stated, the United States requests that the Court deny Defendant's Motion, without prejudice, or hold it in abeyance. (*Id.*)

Defendant did not file a reply brief and the time for doing so has passed.

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017). A court may exercise its discretion to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Nevertheless, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *Tartaglione*, 228 F.

Supp. 3d at 406.  "[I]n limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial."  *Ohler v. United States*, 529 U.S. 753, 758 n.3, 120 S. Ct. 1851, 146 L. Ed. 2d 826 (2000).

Further, while motions in limine may serve as a useful pretrial tool that enables more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity."  *Frintner v. TruePosition*, 892 F. Supp. 2d 699, 707 (E.D. Pa. 2012).  Indeed, "motions in limine often present issues for which final decision is best reserved for a specific trial situation."  *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997).  Thus, certain motions, "especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context."  *Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013).  Moreover, "*pretrial* Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence."  *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original).

Having reviewed the Motion and all relevant documents, the Court concludes that because Defendant did not file a reply brief, he has not refuted the Government's assertion that he seeks a ruling on a hypothetical situation where no factual dispute exists (Doc. 56 at

1-2). Thus, this is not a case where the admissibility of "certain forecasted evidence," *Tartaglione*, 228 F. Supp. 3d at 406, is appropriately considered at this time.

**ACCORDINGLY, THIS 30th DAY OF OCTOBER 2020, IT IS HEREBY ORDERED THAT**:

1. Defendant's Motion in Limine Pursuant to Fed. R. Crim. P. 16 (Doc. 52) is **DENIED WITHOUT PREJUDICE**;

2. Should a fact-based controversy pursuant to Federal Rule of Criminal Procedure 16(a)(1)((G) arise, Defendant may bring the matter to the Court's attention with a renewed motion in limine.

Robert D. Mariani
United States District Judge